UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KENNETH JAY RANEY,

Petitioner,

v. Case No. 09-C-292

LISA J.W. HOLLINGSWORTH, *et al*.,

Respondents.

---

**ORDER**

---

Petitioner Kenneth J. Raney is currently incarcerated at the United States Penitentiary in Marion, Illinois, serving a 145-month sentence pursuant to his 2001 conviction for two counts involving sexual exploitation of a minor. *United States v. Raney*, Case No. 01-CR-557 (N.D. Ill. entered July 5, 2001), *aff'd* 342 F.3d 551 (7th Cir. 2003). On June 9, 2008, Raney filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of Illinois. In his petition, Raney challenges the validity of a detainer lodged against him by the State of Wisconsin.

The detainer is apparently related to Raney's 1996 Wisconsin conviction for second degree recklessly endangering safety with a dangerous weapon.[1] Raney was placed on probation for a term of five years as a result of that conviction, and it appears from his filing that Wisconsin authorities lodged a detainer with his current custodian based on his alleged violation of probation on or about

---

[1]http://wcca.wicourts.gov, Green County Case No. 1996CF000035 (visited March 24, 2009).

May 21, 2002. (Pet., Doc. #1 at 4, 9.) Raney alleges that he was to have been discharged from his Wisconsin probation in December of 2000, but that his ex-wife submitted false reports to "child services" and, as a result, his probation was continued. (*Id.* at 9.) Based upon these allegations, he requests that he be discharged from his Wisconsin probation and the detainer be withdrawn.

The United States District Court for the Southern District of Illinois concluded that the Eastern District of Wisconsin was a more convenient forum given that Raney's challenge was to proceedings surrounding his Wisconsin conviction, and transferred venue to this court on its own motion on March 13, 2009. (Doc. # 7.) I must now give the case prompt initial consideration required under Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. This rule may also be applied to habeas petitions not brought under § 2254, such as this petition pursuant to § 2241. Rule 1(b), Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243 (habeas court must award the writ or order respondent to show cause why the writ should not be granted, unless the application makes it clear petitioner is not entitled to relief). During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

Though Raney is in federal custody, he does not take issue with his federal incarceration. Instead, he challenges the validity of the detainer lodged against him by the State of Wisconsin. Raney claims that the Wisconsin detainer is preventing him from being transferred to a lower security federal institution where he could participate in a drug and alcohol program. (Doc. # 6.)

He claims that if he were able to successfully complete such a program his federal sentence could be reduced.

District courts have jurisdiction to entertain petitions for habeas relief from persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a). A petitioner need not be in actual physical custody in order to apply for a writ of habeas corpus. *See Maleng v. Cook*, 490 U.S. 488, 491 (1989) (per curiam) (parolees with unexpired sentences are only conditionally released from confinement, and are therefore still in "custody" for habeas purposes) (citing *Jones v. Cunningham*, 371 U.S. 236 (1963)). Further, a petitioner may challenge a detainer imposed by a state other than the one in which he is confined on the basis that he faces the prospect of future confinement. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 & n.4 (1973); *see also Vargas v. Swan*, 854 F.2d 1028, 1032 (7th Cir. 1988) ("However labelled, an action that has as part of its effect the 'holding' of a prisoner for a future custodian who has evidenced an intent to retake or to decide the prisoner's future status at the end of his or her current confinement serves to establish custody for habeas purposes."). Raney's claim that he is the subject of a detainer from Wisconsin is therefore sufficient to allege the "custody" required for jurisdiction over this habeas matter, and I therefore turn to the issue of whether he has stated a claim for relief from the detainer.

In this connection, it is important to note that the Interstate Agreement on Detainers, 18 U.S.C.A. App. 2, does not apply to detainers issued for violations of probation. *Carchman v. Nash*, 473 U.S. 716, 726 (1985). Moreover, the Supreme Court has never held that a prisoner subject to a probation-violation detainer has a constitutional right to a speedy probation-revocation hearing. *Id.* at 732 n.10; *Moody v. Daggett*, 429 U.S. 78, 85, 87 (1976) (holding that federal parolee

imprisoned for crime committed while on parole was not constitutionally entitled to prompt parole revocation hearing when parole violator warrant was issued and lodged with institution of his confinement but not served on him). Thus, it does not appear that Raney would be entitled to relief simply because of a delay in completing the revocation proceedings.

That is not what Raney's claim is, however, in any event. His claim appears to be that his rights were violated when Wisconsin authorities decided not to discharge him from probation at the end of December of 2000 (Pet., Doc. #1 at 9), several months before he committed the crimes that led to his current incarceration. 342 F.3d at 553. He claims that he was told that if he paid his fine and fees by that time, he would be discharged from probation. It appears this would have been an early discharge, since Raney's five-year term of probation would have commenced at earliest on October 9, 1996, the date he was originally sentenced,[2] and thus would have run to October 9, 2001. In other words, Raney claims his federal rights were violated when Wisconsin officials decided not to terminate his probation early.

There is no federal right, either statutory or constitutional, to early discharge from state probation. Raney has therefore failed to state a claim on which habeas relief could be granted. The fact that the existence of the detainer may prevent him from moving to a lower security federal institution is irrelevant since he has "no legitimate statutory or constitutional entitlement sufficient to invoke due process" regarding how he is classified and whether he is eligible for rehabilitative programs in the federal system. *Moody*, 429 U.S. at 88 n.9; *see also Christensen v. Zavaras*, 1998

---

[2]Raney was originally sentenced to three years in the state prison system. His sentence was modified, however on October 14, 1997, and reduced to five years probation with one year in jail as a condition. Wisconsin Circuit Court Access, http://wcca.wicourts.gov/, Green County Case No 1996CF000035.

WL 796123, * 2, 166 F.3d 346 (10th Cir. 1998) (unpublished table decision) (habeas petitioner who claimed the existence of a Montana detainer for a probation violation prevented him from participating in rehabilitative programs while in the Colorado prison system did not trigger a due process concern). As the petition demonstrates that Raney is not entitled to habeas relief from the detainer, it will be dismissed.

**THEREFORE, IT IS ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases and 28 U.S.C. § 2243. Petitioner's motions for appointment of counsel and to expedite are **DENIED** as moot. Petitioner's request for leave to proceed *in forma pauperis* is likewise **DENIED** as moot, as petitioner has already paid the filing fee. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated this 24th day of March, 2009.

s/ William C. Griesbach
William C. Griesbach
United States District Judge