UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENNETH JAY RANEY,

    Petitioner,

v.                                    Case No. 09-C-292

LISA J.W. HOLLINGSWORTH, *et al*.,

    Respondents.

## ORDER

Kenneth J. Raney, currently incarcerated at the United States Penitentiary in Marion, Illinois, has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241, challenging a detainer lodged against him by the State of Wisconsin. In my Order of March 25, 2009, I screened and dismissed the petition after finding that the petition demonstrated Raney was not entitled to habeas relief. (Doc.# 9.) On April 10, 2009, Raney filed "Petitioner's Objections to Recommendation of Judge," requesting that this court reverse the report and recommendation of the magistrate judge, even though there is no such report and recommendation in this matter. As I have already dismissed his petition, I will treat Raney's filing of April 10, 2009 as a motion for reconsideration.[1]

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered

---

[1] Petitioner is advised that should he wish to appeal the judgment of this court dismissing his petition, Rules 3 and 4 of the Federal Rules of Appellate Procedure require that he first file a notice of appeal with this court within 30 days of March 25, 2009, the date on which judgment was entered.

evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1976), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Because the conditions that would justify granting a motion to reconsider are rarely present, such motions are disfavored and should be equally rare. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Raney's filing contains a document from the Department of Justice indicating he is not qualified for the Residential Drug Abuse Program because Wisconsin has placed a detainer upon him. He alleged as much in his petition, and in dismissing the petition I considered the fact that the detainer may prevent him from participation in such programs, as he has no statutory or constitutional right regarding how he is classified and whether he is entitled to rehabilitative programs in the federal system. Raney points to no new evidence or controlling law that would allow his habeas petition to be revived. Nothing Raney presents alters the analysis or outcome of my prior order.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration is **DENIED**.

Dated this    13th    day of April, 2009.

      s/ William C. Griesbach
      William C. Griesbach
      United States District Judge